UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| QBE INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SIMONE RUSSO, RICHARD DUSLAK, and JUSTIN SESMAN,<br><br>Defendants. | Case No. 2:20-cv-02104-RFB-EJY<br><br><br>**ORDER** |
| RICHARD DUSLAK and JUSTIN SESMAN,<br><br>Counterclaimants,<br><br>v.<br><br>QBE INSURANCE CORPORATION,<br><br>Counter-Defendants. | |

Pending before the Court is Sunrise Villa's Motion to Strike Richard Duslak and Justin Sesman's Response to Sunrise's Opposition to Simone Russo's Joinder to Duslak and Sesman's Countermotion for Sanctions against QBE.[1]  ECF No. 107.  In sum, Sunrise contends that Duslak and Sesman's Countermotion for Sanction (ECF No. 96) raised no claim of sanctions against Sunrise, but instead sought sanctions against QBE only.  However, when Russo filed a Joinder to Duslak and Sesman's Countermotion for Sanctions (ECF No. 97), Russo added an argument that Sunrise should also be sanctioned.  *Id*.  Sunrise responded to Russo's argument contending it was not properly before the Court.  ECF No. 104.  Duslak and Sesman then filed a Response to Sunrise's Response (ECF No. 106), which Sunrise says impermissibly raises sanctions against Sunrise for the first time.  Duslak and Sesman disagree claiming the issue raised in their Response (ECF No. 106)

---

[1] The Court has simplified he title of Sunrise's Motion to Strike, which was complicated and thus difficult to unravel.

1

has been raised numerous times before; that is, the alleged misrepresentation by Sunrise (and QBE) regarding the terms of a settlement reached in State Court between Russo and Sunrise. ECF No. 110.

The fact is that Russo's Joinder to Duslak and Sesman's Countermotion for Sanctions included Sunrise in its discussion of sanctionable conduct. *See* ECF No. 97. Sunrise opposed Russo's addition of Sunrise in the Joinder to the Countermotion, but that Countermotion and Joinder have not yet been ruled upon by the Court. *See* ECF Nos. 96 and 97. Nor, therefore, has the Court considered any arguments raised in Sunrise's Opposition to Russo's Joinder. ECF No. 104. All of this is to say that Duslak and Sesman's Response (ECF No. 106) to Sunrise's Opposition to this Joinder (ECF No. 104) did not raise a new issue for the first time on reply. The issue discussed by Duslak and Sesman regarding Sunrise's conduct was already before the Court. Whether it should be will be decided when the Court reviews ECF Nos. 96, 97, and 104. To rule on Sunrise's separate Motion to Strike Duslak and Sesman's Response (ECF No. 107) would effectively rule on Russo's Joinder that is not before this Court.

Accordingly, IT IS HEREBY ORDERED that Sunrise Villa's Motion to Strike Richard Duslak and Justin Sesman's Response to Sunrise's Opposition to Simone Russo's Joinder to Duslak and Sesman's Countermotion for Sanctions against QBE (ECF No. 107) is DENIED without prejudice.

Dated this 30th day of September, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE